USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/1/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Josefina Coronel, *et al*.,

                      Petitioners-Plaintiffs,

       –v–

Thomas Decker, *et al*.,

                   Respondents-Defendants.

20-cv-2472 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      On March 30, 2020, following the Court's grant of a temporary restraining order in the above-captioned matter, Dkt. No. 26, Petitioners filed an Amended Petition joining four new Petitioners: Ananda Rajapaksha, Fedor Bondarenko, Cristian Arriaga Reyes, and Alvaro Negrette Mejia, *see generally* Dkt. No. 29.  Respondents subsequently filed a letter requesting that the Court resolve threshold questions of severance and any related issues of joinder and amendment prior to proceeding to the merits of the claims of Petitioners Rajapaksha, Bondarenko, Arriaga Reyes, and Negrette Mejia.  *See* Dkt. No. 30 at 1–2.  The Court ordered the parties to brief these threshold issues on an expedited basis.  *See* Dkt. No. 31.  Having considered the parties' briefing on these issues, *see* Dkt. Nos. 32, 34, the Court exercises its discretion to prohibit joinder of Petitioners Rajapaksha, Bondarenko, Arriaga Reyes, and Negrette Mejia under the circumstances presented.

      28 U.S.C. § 2242 provides that habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  While

1

Rule 15(a) of the Federal Rules of Civil Procedure "generally governs the amendment of complaints" or habeas petitions, where, as here, proposed amendments add new parties, "Rule 21 governs."  *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00-cv-7909 (DLC), 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001); *see also Kaminsky v. Abrams*, 41 F.R.D. 168, 170 (S.D.N.Y. 1966) ("It has been held that the specific provisions of Rule 21 govern over the general provisions of Rule 15, and that an amendment changing parties requires leave of Court even though made at a time when under Rule 15 amendment may be made as of course.").  *But see Washington v. New York City Board of Estimate*, 709 F.2d 792, 795 (2d Cir. 1983) (analyzing motion to add new parties under Rule 15(a) when defendant had not answered, and not addressing Rule 21).

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court "may at any time, on just terms, add or drop a party."  Though "the same standard of liberality afforded to motions to amend pleadings under Rule 15" applies under Rule 21, *Momentum Luggage*, 2001 WL 58000, at *2 (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 527–28 (S.D.N.Y. 1980)), in adding or eliminating parties, courts also specifically consider "judicial economy and their ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action," *id.* (describing the need for courts to maintain control over whether parties are added or dropped from a litigation due to the problems of judicial administration that the addition and elimination of parties present).

For all of the reasons stated in Respondents' briefing on this issue, the Court finds that the joinder of Petitioners Rajapaksha, Bondarenko, Arriaga Reyes, and Negrette Mejia would create the appearance of "forum shopping."  *See* Dkt. No. 34 at 6–8. Accordingly, the Court will not allow their joinder by amendment here.  The Court hereby orders that the First Amended Petition, Dkt. No. 29, be struck from the docket with leave for Petitioners Rajapaksha, Bondarenko, Arriaga Reyes, and Negrette Mejia to immediately refile their papers with the Clerk of Court for random assignment.  The Court takes no position on whether Petitioners Rajapaksha, Bondarenko, Arriaga Reyes, and Negrette Mejia should file individual habeas petitions or proceed via a single petition.  The Order to Show Cause for the issuance of a temporary restraining order for the release of these Petitioners, Dkt. No. 33, is accordingly denied with leave to refile following random assignment.

With respect to the original Petitioners, the Court will exercise its discretion to allow—at this time—the continued joinder of those individuals since there is no comparable concern of an appearance of forum shopping.[1]  Depending on the course of the litigation, however, the Court may reconsider the propriety of severance. Accordingly, Respondents' motion to sever the original Petitioners is hereby denied without prejudice.  *See* Dkt. No. 22 at 6–9.

---

[1] The original habeas petition, Dkt. No. 1, was brought by seven petitioners: Juan Morocho Sumba, Josefina Coronel, Ramon Garcia Ponce, Florencio Moristica, Jose Madrid, Jose Otero, and Miguel Miranda.  After the petition was filed, ICE released Petitioners Coronel, Ponce, and Moristica.  The Court granted the motion for a temporary restraining order releasing Petitioners Morocho Sumba, Madrid, Otero, and Miranda and deferred decision as to whether the habeas petition is moot as to the three Petitioners who had already been released from ICE custody.  *See* Dkt. No. 26.  Respondents seek to sever the petitions of all seven original Petitioners.  *See* Dkt. No. 34 at 1 (arguing that the Court should "sever the present action into eleven separate habeas proceedings," comprising the claims of the seven original Petitioners, as well as those of Petitioners Rajapaksha, Bondarenko, Arriaga Reyes, and Negrette Mejia).

The Clerk of Court is directed to strike the First Amended Petition filed at Dkt. No. 29.  The Petitioners Rajapaksha, Bondarenko, Arriaga Reyes, and Negrette Mejia may immediately refile with the Clerk of Court for random assignment.  The Order to Show Cause for a Temporary Restraining Order with respect to the release of these Petitioners, Dkt. No. 33, is denied with leave to refile following random assignment of their habeas petition(s).

SO ORDERED.

Dated: March ___31___, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

4