UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/23/22
```

JOSEFINA CORONEL, et al.,

    *Petitioners-Plaintiffs*,

v.

THOMAS DECKER, in his official capacity as Field Office Director, New York City Field Office, U.S. Immigration & Customs Enforcement, et al.

    *Respondents-Defendants.*

20-cv-2472 (AJN)

~~[Proposed]~~ Order and Stipulation of Partial Dismissal

WHEREAS, on March 20, 2020, petitioners Juan Morocho Sumba, Josefina Coronel, Ramon Garcia Ponce, Florencio Moristica, Jose Madrid, Jose Otero, and Miguel Miranda (each individually, "Petitioner," and collectively, "Petitioners") brought this habeas action under 28 U.S.C. § 2241 challenging their detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking an order from this Court ordering their release or, in the alternative, a new bond hearing with certain procedural safeguards;

WHEREAS, between March 20, 2020 and March 27, 2020, the government released Petitioners Josefina Coronel, Ramon Garcia Ponce, and Florencio Moristica;

WHEREAS, on March 27, 2020, this Court issued a temporary restraining order requiring the government to release Petitioners Jose Madrid, Juan Morocho Sumba, Miguel Miranda, and Jose Otero;

WHEREAS, on March 27, 2020, the government released Petitioners Jose Madrid, Juan Morocho Sumba, Miguel Miranda, and Jose Otero;

WHEREAS, on April 24, 2020, the Court endorsed the parties' agreement to extend the temporary restraining order through the Court's disposition of the habeas petition;

WHEREAS, Petitioner Josefina Coronel obtained relief in her immigration proceedings, ICE has represented that it will not re-detain Ms. Coronel unless circumstances arise that would subject her to additional immigration proceedings, Gov't Letter Brief, ECF No. 51 at 2, and the parties agree that her case is therefore moot, *id.*; Petitioners' Mem., ECF No. 54 at 2 n.1;

WHEREAS, the government does not intend to re-detain Petitioners Juan Morocho Sumba, Ramon Garcia Ponce, Jose Madrid, and Miguel Miranda as long as they abide by the terms of their supervised release and do not receive a final order of removal;

WHEREAS, if Petitioners Juan Morocho Sumba, Ramon Garcia Ponce, Jose Madrid, and Miguel Miranda receive a final administrative order of removal, have exhausted all avenues of appeal (including an appeal to the proper United States Circuit Court of Appeals, provided that the Court of Appeals issues a stay of removal or the forbearance agreement applies), and are directed by ICE to report for removal, they will surrender for removal;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed as moot as to Petitioner Josefina Coronel, and without costs or attorney's fees to either party.

2. This action shall be and hereby is dismissed without prejudice as to Petitioners Juan Morocho Sumba, Ramon Garcia Ponce, Jose Madrid, and Miguel Miranda, and without costs or attorney's fees to either party.

3. In the event that the government re-detains a Petitioner specified in paragraph 2 pursuant to 8 U.S.C. § 1226(a), the government will promptly notify counsel for the Petitioners and provide—either prior to re-detention or no later than twenty-one days from re-detention—an individualized bond hearing before an immigration judge at

which the government will bear the burden of establishing, by clear and convincing evidence, that the Petitioner poses a danger to the community or a flight risk. At that hearing, the immigration judge must consider whether any alternative conditions of release mitigate any risk of danger or flight that the Petitioner poses. If the immigration judge sets a monetary bond, he or she must consider the Petitioner's ability to pay in determining the appropriate bond amount.

4. For Petitioner Juan Morocho Sumba, the government will periodically review, including at Mr. Morocho Sumba's request, the post-release condition of the ankle monitor.

5. For Petitioner Jose Madrid, the government will remove the post-release condition of the ankle monitor within seven days of the dismissal of this matter.

6. This Court shall retain jurisdiction to enforce compliance with this stipulation and order.

7. At this time, this Court shall also retain jurisdiction with respect to the claims of Petitioners Florencio Moristica and Jose Otero.

8. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as a concession of any rights or arguments by the government; nor shall it be construed to require the government to provide additional bond hearings to any other citizen in similar or dissimilar circumstances, and this agreement shall in no way be used by either party to undermine either party's litigation position in any other case.

New York, New York  
May 20, 2022

THE LEGAL AID SOCIETY  
Attorney for Petitioners

_____  
Aadhithi Padmanabhan  
Julie Dona  
199 Water Street, 3rd Floor  
New York, New York 10038  
Tel.   (646) 574-2761

BRONX DEFENDERS  
Attorney for Petitioners

_____  
Zoe Levine  
360 East 161st Street  
Bronx, New York, 10451  
Tel.   (718) 838-7808

New York, New York  
May 20, 2022

DAMIAN WILLIAMS  
United States Attorney for the  
Southern District of New York  
Attorney for Respondents

_____  
Jessica F. Rosenbaum  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Tel.   (212) 637-2777

SO ORDERED:

_____ 5/23/22  
HON. ALISON J. NATHAN  
UNITED STATES CIRCUIT JUDGE  
SITTING BY DESIGNATION