**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   8/4/22

JOSEFINA CORONEL, *et al.*,

       *Petitioners-Plaintiffs*,

v.

THOMAS DECKER, in his official capacity as
Field Office Director, New York City Field
Office, U.S. Immigration & Customs
Enforcement, *et al.*

       *Respondents-Defendants.*

**20-cv-2472 (AJN)**

~~[Proposed]~~ **Order and**
**Stipulation of Partial Dismissal**

WHEREAS, on March 20, 2020, petitioners Juan Morocho Sumba, Josefina Coronel, Ramon Garcia Ponce, Florencio Moristica, Jose Madrid, Jose Otero, and Miguel Miranda (each individually, "Petitioner," and collectively, "Petitioners") brought this habeas action under 28 U.S.C. § 2241 challenging their detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking an order from this Court ordering their release or, in the alternative, a new bond hearing with certain procedural safeguards;

WHEREAS, between March 20, 2020 and March 27, 2020, the government released Petitioners Josefina Coronel, Ramon Garcia Ponce, and Florencio Moristica;

WHEREAS, on March 27, 2020, this Court issued a temporary restraining order requiring the government to release Petitioners Jose Madrid, Juan Morocho Sumba, Miguel Miranda, and Jose Otero;

WHEREAS, on March 27, 2020, the government released Petitioners Jose Madrid, Juan Morocho Sumba, Miguel Miranda, and Jose Otero;

WHEREAS, on April 24, 2020, the Court endorsed the parties' agreement to extend the temporary restraining order through the Court's disposition of the habeas petition;

WHEREAS, Petitioner Josefina Coronel obtained relief in her immigration proceedings, ICE has represented that it will not re-detain Ms. Coronel unless circumstances arise that would subject her to additional immigration proceedings, Gov't Letter Brief, ECF No. 51 at 2, and the parties agree that her case is therefore moot, *id.*; Petitioners' Mem., ECF No. 54 at 2 n.1;

WHEREAS, on May 20, 2022 the parties submitted a proposed order and stipulation agreeing that the action be dismissed as moot as to Petitioner Josefina Coronel and dismissed without prejudice as to Petitioners Juan Morocho Sumba, Ramon Garcia Ponce, Jose Madrid, and Miguel Miranda, Proposed Stip. of Partial Dismissal, ECF No. 73, and this Court endorsed the proposed stipulation on May 23, 2022, Order and Stip. of Partial Dismissal, ECF No. 75;

WHEREAS, on May 23, 2022, this Court endorsed the parties' agreement to provide a joint status report in 90 days updating the Court on developments with respect to Petitioners Florencio Moristica and Jose Otero;

WHEREAS, the government does not intend to re-detain Petitioner Florencio Moristica as long as he abides by the terms of his supervised release and does not receive a final order of removal;

WHEREAS, if Petitioner Florencio Moristica receives a final administrative order of removal, has exhausted all avenues of appeal (including an appeal to the proper United States Circuit Court of Appeals, provided that the Court of Appeals issues a stay of removal or the forbearance agreement applies), and is directed by ICE to report for removal, he will surrender for removal;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice as to Petitioner Florencio Moristica, and without costs or attorney's fees to either party.

2. In the event that the government re-detains Mr. Moristica pursuant to 8 U.S.C. § 1226(a), the government will promptly notify counsel for the Petitioners and provide—either prior to re-detention or no later than twenty-one days from re-detention—an individualized bond hearing before an immigration judge at which the government will bear the burden of establishing, by clear and convincing evidence, that the Petitioner poses a danger to the community or a flight risk.  At that hearing, the immigration judge must consider whether any alternative conditions of release mitigate any risk of danger or flight that the Petitioner poses. If the immigration judge sets a monetary bond, he or she must consider the Petitioner's ability to pay in determining the appropriate bond amount.

3. This Court shall retain jurisdiction to enforce compliance with this stipulation and order.

4. At this time, this Court shall also retain jurisdiction with respect to the claims of Petitioner Jose Otero.

5.  The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as a concession of any rights or arguments by the government; nor shall it be construed to require the government to provide additional bond hearings to any other citizen in similar or dissimilar circumstances, and this agreement shall in no way be used by either party to undermine either party's litigation position in any other case.

New York, New York
August 3, 2022

THE LEGAL AID SOCIETY
Attorney for Petitioners


Julie Dona
199 Water Street, 3rd Floor
New York, New York 10038
Tel.     (646) 988-1425

New York, New York
August 3, 2022

DAMIAN WILLIAMS United
States Attorney for the
Southern District of New York
Attorney for Respondents


Jessica F. Rosenbaum
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.     (212) 637-2777


SO ORDERED:


HON. ALISON J. NATHAN
UNITED STATES CIRCUIT JUDGE
SITTING BY DESIGNATION

August 4, 2022

**20 Civ. 2472 (AJN)**